HENRY BUTTION *v.* MARIE BUTTION
[No. 31, October Term, 1947.]

*Decided November 14, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Irvin S. Friedman,* with whom were *Sidney Rosenberg* and *Norman A. Friedman* on the brief, for the appellant.

*Henrietta D. Stonestreet* for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Henry Buttion from a decree dismissing his bill of complaint and ordering him to

pay a counsel fee of $50.00 to the solicitor for his wife. The bill of complaint prayed a divorce *a vinculo matrimonii* from his wife, Marie Buttion, on the grounds of desertion for more than 18 months. His wife, the appellee, filed an answer denying the material allegations of the bill. Testimony in the cause was taken before the chancellor.

The parties were married October 18, 1930, and lived with the wife's father and mother in Baltimore City after their marriage. The appellant testified that in 1938 he paid $5 as a deposit on the rent of an apartment on Eastern Avenue in Baltimore and purchased furniture and asked his wife to leave her father and mother in order that the parties to this cause could live alone. He says that this furniture was supposed to be sent to this apartment but when he came home from work, his wife told him she had moved the furniture in with her mother and father and she wanted to stay there. He testified that his wife refused to move to this place and he lost his rent deposit. He further said that in 1940 he rented another apartment in Canton and asked his wife to move there. She told him that she did not want to leave her parents. He says he continued from that time on to try to get her to leave and set up a separate home but she always refused to do so. He testified that, in the early part of 1944, a Mrs. M. Alice Canoles had two empty houses and he was going to rent one of them but his wife would not agree to this unless she could take her father and mother along. He said that in May, 1944, he asked her three or four times to move but she still insisted she wanted to stay with her parents. He then took some of his clothes and left but would go back every week and give his wife $10, and on these occasions he would ask her if she was ready to move and she would always say "no." He says in May of 1944 he secured another place to live, and he and his wife have not lived together as man and wife since that time, because she would not leave her mother and father. He testified at the time of the trial that he had been

away from his wife too long and did not think he would ever be satisfied to live with her again.

The sister of the appellant, Mrs. Theresa Foltz, testified that she was very friendly with the appellee in this case, and the appellee admitted to her that her husband had rented several apartments and purchased furniture for her but that she would not move unless her father and mother went with her. On cross examination she admitted that the appellee always said she loved her husband but that she would never leave her parents.

The appellee testified that in 1938 appellant told her he had rented an apartment and she asked him to let her see the rent receipt. She was willing to go down and look at the apartment but he never showed it to her nor did she ever see the rent receipt. She said that the only furniture which was purchased at that time was bedroom furniture which he ordered to be sent to her mother's home and he did not at that time ask her to leave. She admitted that on several occasions he asked her to leave and had he secured an apartment she would have been willing to go with him, but that he never took her to see any apartments and did not give her the street or number of any apartment he had rented. She testified that had her husband prepared a place for her she would have gone with him. She denied that she told Mrs. Foltz that she would not leave her mother and father. She testified that after her husband left in 1944, when he came in to get his clothes, which he would take away little by little each week, she asked him why he was taking them out. He said that he was never coming back to see her any more. She asked him to return and never after that did he ask her to go with him. The last money he brought her was on April 12, 1944, when he told her that he was not going to give her any more money. She said that she still loved her husband and while he was away from her in 1944 she bought him a diamond ring; and she has been willing to go with him had be provided a place for her. She denied that he ever told her about renting two houses

from Mrs. Canoles. She admitted that one time she told him that she wanted to stay with her father and mother but that she was willing to go to a separate apartment if he would provide one.

Mrs. M. Alice Canoles testified that the appellant had worked for her for 13 years and the only time he missed was when he was drinking. She said she had known the parties in this cause during their married life and Marie Buttion was a good wife to her husband. She testified that once in 1941 the appellant told her he would like to rent a house from her and she said she told him he could have it after it was remodeled. She said that when the remodeling was finished and it became time to rent the house the appellant decided he was going to stay where he was, with his wife's father and mother. She said that she later bought another house and Henry Buttion said he would like to rent it. After it was ready for occupancy the appellant told her that he did not think that he would take it although she told him she would rent it to him. She testified that he said to her: "You don't want Marie's mother and father and it is too large a house for me." She further testified that the appellee had stored up things for years with the idea of starting housekeeping but the only time the appellant wanted to "go housekeeping" was when he was on a drinking spree. She said that the appellant seemed to be happy living in the home with his father-in-law and mother-in-law. She testified that at one time in her presence he grabbed his wife and it was necessary for her to prevent him from hitting the appellee because she was going into a room where there was another woman.

From the record in this case it appears that prior to the institution of the case at bar the appellee had appellant arrested for desertion and non-support. An oral opinion given by the chancellor before the signing the decree in this cause, stated that in the criminal case Marie Buttion testified that she told her husband if he left that woman she would go back. From the argument

in this court it appears that the testimony in this criminal case was handed to the chancellor at his request by one of the solicitors for the appellant, without objection.

The appellant claims in this case that in good faith he offered to provide a separate domicile for himself and his wife and she refused to leave her parents and go to a separate home to be provided for her by her husband. He relies strongly on the case of *Lorea v. Lorea,* 181 Md. 666, 30 A. 2d 73. In that case the wife chose the daughter's abode in preference to that of her husband and when he asked his wife to come and live with him where he was living she refused. In the case at bar there is absolutely no evidence that the husband ever asked his wife to come and live with him in the room to which he moved after he left her.

It is a well known principle of law that wherever the husband changes the family domicile, it becomes the duty of the wife to follow him to the new domicile if he requests it, unless there are circumstances amounting in law to a legal excuse justifying her in refusing this request. The request must be made in good faith and the change of domicile such as not to impair her health or safety or unreasonably interfere with her comfort. *Hoffhines v. Hoffhines,* 146 Md. 350, 357, 126 A. 112, 38 A. L. R. 332; *Schwartz v. Schwartz,* 158 Md. 80, 91, 92, 148 A. 259; *McClees v. McClees,* 162 Md. 70, 80, 158 A. 349. Such offer made in good faith must be really intended to be carried out. *Diamond v. Diamond,* 182 Md. 103, 110, 32 A. 2d 376.

As the husband is plaintiff in the case at bar, the burden of proof is upon him to prove these facts. Without repeating the testimony detailed above it is evident that the parties lived with the wife's parents from 1930 to 1938 without any attempt on his part to establish another home. In 1938 he says he rented an apartment on Eastern Avenue which he showed to his wife and she refused to move there. This is denied by the wife and there is no corroboration of the appellant's statements. The testimony of his sister, Mrs. Foltz, is too general

to be convincing. It lacks time, places and circumstances. The parties in this cause continued to live together for another period of six years. Although the husband has not met the burden of proof as to the establishment of a home in 1938, if he did so he has condoned any action on his wife's part in refusing to move to that alleged home. There is absolutely no corroboration of his testimony that he rented another apartment in Canton in 1940. His testimony of his negotiations to rent a home from Mrs. M. Alice Canoles in 1944 is flatly denied by her and this was the woman by whom he was employed for 13 years. He admits leaving his wife in May, 1944, and securing another place to live. There is no testimony that he ever asked his wife to move with him to the room where he then lived, and there is some testimony that another woman was in some way connected with this room to which he moved. The wife testified that until he provided a place for her she wanted to live with her father and mother. She says he never provided another place for her to live. The husband has not met the burden of proof in proving the contrary. Furthermore, the chancellor had the witnesses before him and was in a position to observe their appearance, demeanor, and their manner of testifying. He had the atmosphere of the trial. His findings of fact should not be lightly disturbed by this court. *McClees v. McClees, supra;* *Collins v. Collins,* 184 Md. 655, 663, 42 A. 2d 680. The amount of the counsel fee allowed the solicitor for the wife was not argued in this court nor in the briefs. The decree will be affirmed .

*Decree affirmed, with costs.*